UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA
Ex rel. Troy K. Scheffler,

                Plaintiff,

vs.

GOLDEN SHOVEL AGENCY, LLC,

                Defendant.

Court File No.: 0:25−cv−02824−KMM−LIB

**MEET-AND-CONFER STATEMENT**

Pursuant to Local Rule 7.1(a)(1), undersigned counsel submits this Meet-and-Confer Statement.

On November 3, 2025, I spoke with counsel for Troy Scheffler, attorney Nathan Hansen, related to Defendant's anticipated Rule 12(b)(6) motion to dismiss Scheffler's amended complaint. *See* Dkt. 9. The parties discussed the issues anticipated to be raised in Defendant's motion to dismiss. Thereafter, I emailed Mr. Hansen electronic copies of the motion and the associated memorandum of law. Despite good faith discussions, there is not a resolution of either of the legal grounds for dismissal that are raised in Defendant's motion to dismiss.

Also on November 3, 2025, I spoke with counsel for the United States, attorney Ann Bildtsen, regarding the same anticipated Rule 12(b)(6) grounds for a motion to dismiss. That discussion likewise did not resolve this matter, but was productive.

1

Attorney Bildtsen indicated it was the United States' position that Scheffler's filing of an amended complaint reset the 60-day window in which the United States could again elect to intervene or decline intervention. *See* 31 U.S.C. 3730(b)(2); *id.* at (b)(4) ("Before the expiration of the 60-day period or any extensions obtained under paragraph (3), the Government shall—(A) proceed with the action, in which case the action shall be conducted by the Government; or (B) notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action."). Defendant agrees.

The procedural posture of this matter is unique because Scheffler, having now secured counsel, filed an amended complaint after the Government identified a legal deficiency in his initial filing and declined intervention on legal grounds. His initial filing was pro se and under established False Claims Act precedent, including from the Eighth Circuit, a qui tam relator cannot proceed pro se. *See e.g., United State v. Onan,* 190 F.2d 1, 6 – 7 (8th Cir. 1951); *United States ex rel. Davis v. Hennepin County,* 2016 WL 10747256, at *2 (D. Minn. July 8, 2016 (collecting cases); *United State ex re. Sammarco v. Ludeman,* 2010 WL 681454, at *11 (D. Minn. Feb. 25, 2010) (same).

Scheffler now has counsel, but his amended complaint was not filed under seal, it has not been under seal for at least 60 days, and the United States has not yet taken a position on the amended complaint. *See* 31 U.S.C. 3730(b)(2) ("The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders.").

Despite that, the summons in this matter indicates that Defendant has 21 days in which to either file an answer or appropriate motion. *See* Dkt. 10. The summons also indicates that the answer or motion must be served on Plaintiff's attorney, who is identified as "Ann M Bildtsen," despite that Attorney Bildtsen is counsel for the United States and the United States has, at present, declined to intervene.

Defendant files this meet-and-confer statement, and his motion to dismiss, the associated memorandum of law to dismiss, and his proposed order, in an abundance of caution. The January 28, 2026 hearing date assigned as a motion hearing date in this matter is beyond the 60-day window in which the United States might elect to intervene or again decline intervention on the amended complaint. That decision, however, may impact Defendant's motions and, if it does, Defendant with amend, withdraw, or otherwise modify its motions as appropriate.

Dated: 11/4/2025

/s/ Andrew C. Wilson
Andrew C. Wilson
Attorney ID No.: 398583
Attorney for Defendant Golden Shovel, LLC
Wilson & Clas
201 Sixth Street Southeast, Suite 210
Minneapolis, MN 55414
(612) 910-2104
awilson@wilsoncd.com