**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| United States of America, *ex rel.*, Troy K. Scheffler, *Relator*, | No. 25-cv-2824 (KMM/LIB) |
| Plaintiffs, | |
| v. | **ORDER** |
| Golden Shovel Agency, LLC, | |
| Defendant. | |

---

On July 10, 2025, Plaintiff-Relator Troy K. Scheffler initiated this action under the False Claims Act by filing a Complaint pro se.[1] (Dkt. 1.) He then retained counsel and filed an Amended Complaint on October 21, 2025. (*See* Dkts. 7, 9.) Mr. Scheffler alleges that Defendant Golden Shovel Agency, LLC unlawfully obtained federal funding under the Coronavirus Aid, Relief, and Economic Security Act (CARES) Act[2] by submitting fraudulent information to the government. (Dkt. 9 ¶ 38.) The matter is now before the Court on Golden Shovel's Motion to Dismiss. (Dkt. 13.) For the reasons discussed below, the Motion is granted in part, though Mr. Scheffler is afforded leave to amend.

---

[1] A lawsuit brought under the False Claims Act is also known as a qui tam action. *Hays v. Hoffman*, 325 F.3d 982, 986 n.1 (8th Cir. 2003) ("A qui tam action is one in which a private plaintiff sues on behalf of the government under a statute that awards part of any penalty recovered to the plaintiff and the remainder to the government.").

[2] Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act enabled qualifying businesses to receive forgivable loans to offset disruptions attributable to the COVID-19 pandemic. (Dkt. 9 ¶ 10.)

## DISCUSSION

To survive a motion to dismiss, "a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face." *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (quotation omitted). The facts alleged in the complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In applying this standard, courts must assume that all factual allegations in the complaint are true and construe all reasonable inferences from those facts in the light most favorable to the nonmoving party. *Cole v. Grp. Health Plan, Inc.*, 105 F.4th 1110, 1113 (8th Cir. 2024).

Golden Shovel raises two arguments for dismissal. First, as a procedural matter, Golden Shovel points out that Mr. Scheffler's original complaint was filed pro se, in violation of the rule that qui tam actions cannot be brought by pro se parties. (Dkt. 15 at 10–11.) *United States v. Onan*, 190 F.2d 1, 6–7 (8th Cir. 1951) (prohibiting unrepresented plaintiffs from bringing qui tam actions); *see also Walsh v. JPMorgan Chase Bank, NA*, 75 F. Supp. 3d 256, 263 (D.D.C. 2014) ("It is well-settled that a qui tam action may not be brought by a pro se plaintiff.") (citing cases) (cleaned up). However, Golden Shovel cites no cases suggesting that the error with the original complaint, which has now been corrected, is grounds for dismissal.

In support of its argument, Golden Shovel relies primarily on *Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950 (8th Cir. 2005), but it is inapposite. In *Jones*, a non-attorney, who also was the administrator of an estate, filed a medical-malpractice suit on behalf of the estate. *Id.* at 951. The Eighth Circuit affirmed the

district court's dismissal of the suit because the relevant state law "prohibit[ed] a person who is not a licensed attorney and who is acting as an administrator . . . from practicing law" on behalf of the estate. *Id.* (quotation omitted); *id.* at 952 (noting that the district court relied on reasoning in a decision by the state supreme court, which the Eighth Circuit was "not bound by" but adopted anyway). *Jones* is not instructive here.

Golden Shovel also cites *United States ex rel. Davis v. Hennepin County*, where the court dismissed a qui tam action brought by a pro se relator who "had over a year since the initial Complaint was filed, and nearly seven months since the Government declined intervention, to secure legal representation" but failed to do so. No. 15-cv-2671, 2016 WL 10747256, at *2 (D. Minn. July 8, 2016). If anything, *Davis* stands for the idea that a case can continue even if it was originally filed by a pro se relator, as long as counsel is secured in a timely manner. But here, Mr. Scheffler retained counsel and filed an amended complaint within four months of filing his initial complaint. Because Mr. Scheffler promptly cured the defect, the Court declines to dismiss the action on this procedural ground.[3]

Second, Golden Shovel argues that Mr. Scheffler fails to state a claim on which relief can be granted because the website "Action 4 Liberty" publicly disclosed the information brought forth by Mr. Scheffler, and the omitted allegations amount to an

---

[3] Golden Shovel raises concerns about whether the government would have declined to intervene if Mr. Scheffler had not initiated this action pro se. (*See* Dkt. 15 at 11–12 n.1.) However, the government has had many months to intervene since Mr. Scheffler retained counsel and has not done so.

"admi[ssion] that [Mr. Scheffler] is *not* an original source[.]"[4] (Dkt. 15 at 4; *id.* at 12–17.) The False Claims Act states in relevant part that the Court "shall dismiss" an action "if substantially the same allegations or transactions as alleged . . . were publicly disclosed . . . from the news media, unless . . . . the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A)(iii). The original-source exception

> applies in two situations—where the relator either (1) prior to a public disclosure under subsection (e)(4)(A), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based; or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

*United States ex rel. Paulos v. Stryker Corp.*, 762 F.3d 688, 692 (8th Cir. 2014) (cleaned up) (citing 31 U.S.C. § 3730(e)(4)(B)).

Here, even assuming that "Action 4 Liberty" constitutes "news media" as contemplated by the statute, Mr. Scheffler plausibly asserts that the original-source exception applies. Specifically, Mr. Scheffler claims he had knowledge that is independent of and materially adds to the transactions that were publicly disclosed by Action 4 Liberty

---

[4] In support of this argument, Golden Shovel relies on factual allegations made in the original Complaint that were omitted from the Amended Complaint and urges the Court to do the same. The Court declines to do so and exclusively considers the allegations contained in the Amended Complaint in ruling on the Motion to Dismiss. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). But even if the Court considered the facts from the original complaint, which are likely admissions made by Mr. Scheffler, it would not change the Court's conclusions at this stage.

in the form of non-public deposition testimony and that he voluntarily provided the information to the government prior to filing this action. (*See* Dkt. 9 ¶¶ 26–27, 33; Dkt. 22 at 3, 19–20.) Unfortunately for Mr. Scheffler, those allegations are set forth in a Declaration attached to his Response opposing the Motion to Dismiss, and not as part of the Amended Complaint. Therefore, the Court grants Golden Shovel's Motion to Dismiss the Amended Complaint as drafted. But Mr. Scheffler will be afforded leave to amend the Amended Complaint.[5] *See Arias v. Raimondo*, No. 2:13-cv-904-TLN-EFB, 2014 WL 4638361, at *2 (E.D. Cal. June 26, 2014) ("If a complaint fails to state a plausible claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quotation omitted and cleaned up)). If the amendment incorporates the same facts included in Mr. Scheffler's declaration, it will then state a claim, and this case can proceed to a pretrial conference.

### ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Motion to Dismiss (Dkt. 13) is **GRANTED in part**; and

2. Plaintiff is **GRANTED leave to amend** the Amended Complaint. The Second Amended Complaint must be filed on or before **June 29, 2026**.

**IT IS SO ORDERED.**

---

[5] To be clear, the Court does not purport to resolve the significant factual discrepancies across the pleadings highlighted by Golden Shovel. The Court's conclusion that the allegations described are sufficient to state a claim is far removed from any assessment of whether Mr. Scheffler will prevail on that claim.

6

Date: June 15, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge